**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TODD ELLIS CARTER, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:22-cv-1681 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Patricia L. Dodge |
| SUPERINTENDENT OF S.C.I. FOREST, | ) | |
| et al. | ) | |
| | ) | |
| Respondents. | ) | |

**<u>MEMORANDUM</u>**

Pending before the Court[1] is the Petition for a Writ of Habeas Corpus (ECF No. 1) filed by

Todd Ellis Carter, Jr. ("Petitioner") under 28 U.S.C. § 2254. Petitioner challenges the judgment of

sentence imposed on him by the Court of Common Pleas of Clarion County at criminal docket

number CP-16-CR-0000383-2016. For the reasons below, the Court will deny the petition and will

deny a certificate of appealability.

**I.      Relevant Background**

Petitioner was convicted at a jury trial of two counts of delivery of a controlled substance,

one count of possession of a controlled substance with intent to deliver, and two counts of criminal

use of a communication facility. On February 7, 2018, Petitioner was sentenced to an aggregate

term of nine to 18 years' imprisonment. As part of his sentence, the court imposed "special

conditions" which required him, *inter alia*, to submit to a drug and alcohol assessment and comply

with all treatment recommendations.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

The Superior Court of Pennsylvania affirmed his judgment of sentence on October 28, 2019. *Commonwealth v. Carter*, 222 A.3d 878 (Pa. Super. 2019) (unpublished memorandum). He did not file a petition for allowance of appeal in the Supreme Court of Pennsylvania. Thus, his judgment of sentence became final under both state and federal law on or around November 27, 2019, when the 30-day period for him to file a petition for allowance of appeal expired. Pa.R.A.P. 1113(a) (time for petitioning); 42 Pa. Cons. Stat. § 9545(b)(3); 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012).

On August 13, 2020, Petitioner filed a pro se petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. Following the appointment of counsel, an amended PCRA petition, and a hearing, the trial/PCRA court denied the PCRA petition on March 5, 2021. Petitioner filed an appeal from the denial. On February 18, 2022, the Superior Court of Pennsylvania granted Petitioner relief in that it vacated the drug and alcohol conditions of his sentence. *Commonwealth v. Carter*, 273 A.3d 1062 (Pa. Super. 2022) (unpublished memorandum). Because its disposition did not disrupt the overall sentencing scheme, the court did not remand for resentencing. Petitioner did not file a petition for allowance of appeal.

On April 7, 2022, Petitioner filed a second PCRA petition. The PCRA court denied the petition as untimely. On April 11, 2023, the Superior Court of Pennsylvania affirmed the denial, also finding the petition to be untimely. *Commonwealth v. Carter*, 297A.3d 715 (Pa. Super. 2023) (unpublished memorandum). On November 14, 2023, the Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal. *Commonwealth v. Carter*, 307 A.3d 1197 (Pa. 2023).

On May 20, 2024, Petitioner filed a third PCRA petition. The PCRA court denied the petition as untimely. On July 21, 2025, the Superior Court of Pennsylvania affirmed the denial,

also finding the petition to be untimely. *Commonwealth v. Carter*, 344 A.3d 1122 (Pa. Super. 2025); (ECF No. 25-6 at 1-10.)

Petitioner initiated the instant litigation on November 21, 2022, when he placed his petition in the prison mailing system. (ECF No. 1 at 15.) In his petition, he raises four grounds for relief: illegality of sentence; ineffective assistance of trial counsel; ineffective assistance of PCRA counsel;[2] and weight of the evidence. Petitioner later filed a supplement to the petition in which he raises a *Brady* claim. (ECF No. 10.)

This case was stayed from December 21, 2022, to November 20, 2024, and from January 17, 2025, to October 17, 2025, pending the conclusion of PCRA proceedings in state court. (ECF Nos. 5, 7, 18, and 20.)

Respondents subsequently moved to dismiss the petition. (ECF No. 25). Petitioner filed a brief in opposition to the motion to dismiss. (ECF No. 33.)

This matter is ready for review.

## II.    Discussion

### A.    Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 2254, the federal habeas statute applicable to prisoners in custody pursuant to a state court judgment. This statute permits a federal court to grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a). Errors of state law are not cognizable. *Id.*; *see, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It is Petitioner's burden

---

[2] A stand-alone claim concerning PCRA counsel's ineffectiveness is not cognizable in this habeas action, per 28 U.S.C. § 2254(i), which provides that "[t]he ineffectiveness of counsel during Federal or State collateral post-conviction proceedings shall not be ground for relief in a proceeding arising under section 2254."

to prove that he is entitled to the writ. *See, e.g., Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017).

B.      Statute of limitations

Respondents move to dismiss Petitioner's claims because they are time-barred under the applicable one-year statute of limitations, which was enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

In 1996, Congress made significant amendments to the federal habeas statutes with the enactment of AEDPA. Among other things, AEDPA set a one-year limitations period for filing a federal habeas petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). AEDPA's one-year statute of limitations is codified at 28 U.S.C. § 2244(d). The date on which AEDPA's limitations period commences is determined on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113, 118-22 (3d Cir. 2004).

AEDPA also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance' ... In other words, until the application has achieved final resolution through the State's post-conviction procedures[.]" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

1.      Trial-related claims

The statute of limitations for Petitioner's trial-related claims, that is, illegality of sentence, ineffective assistance of trial counsel, and weight of the evidence, began to run on the date his judgment of sentence became final, in accordance with § 2244(d)(1)(A). As discussed above,

4

Petitioner's judgment of sentence became final on November 27, 2019. The one-year limitations period for these claims began to run on that date.

Petitioner filed his first PCRA petition 260 days later, on August 13, 2020. Under § 2244(d)(2), this first PCRA proceeding statutorily tolled ADEPA's limitations period from August 13, 2020, to March 21, 2022, after the expiration of time to file a petition of allowance of appeal with the Pennsylvania Supreme Court. *Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000) (holding that a PCRA petition is "pending" during the time between the Pennsylvania Superior Court's ruling and the expiration of time for seeking allowance of appeal from the Pennsylvania Supreme Court even if no timely request for allowance of appeal was filed); 1 Pa.C.S. § 1908 (omitting from computation of time period the last day where that day is a weekend or holiday); Pa.R.A.P. 1113(a) (providing 30-day time period for filing petition for allowance of appeal after entry of Superior Court order).

AEDPA's limitations period began to run again the next day, on March 22, 2022. At that point, because 260 days had already expired from the limitations period, Petitioner had 105 more days—until on or around July 5, 2022—to file timely claims in a federal habeas petition. As discussed above, the instant petition was filed on November 21, 2022, 245 days later. Thus, Petitioner's trial-related claims are facially untimely.[3]

---

[3] Petitioner's second PCRA petition did not qualify as a "properly filed application for State post-conviction or other collateral review" and therefore the related proceedings did not toll AEDPA's statute of limitations period under § 2244(d)(2). That is because, as explained above, the Superior Court determined that his petition was untimely under state law. A PCRA petition rejected by a state court as untimely is not "properly filed" for § 2244(d)(2) purposes and therefore will not toll AEDPA's statute of limitations. *Pace*, 544 U.S. at 414, 417; *Satterfield v. Johnson*, 434 F.3d 185, 192 (3d Cir. 2006). Further, his third PCRA petition (also untimely) was filed after AEDPA's statute of limitations expired, so it could not toll the limitations period under § 2244(d)(2).

Petitioner asserts that he is entitled to equitable tolling on these claims. The Supreme Court has held that AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649.

Petitioner asserts that he "timely asserted his rights but had mistakenly done so in the wrong forum." (ECF No. 33 at 3.) Specifically, he asserts that his PCRA counsel failed to pursue all but one of his claims in the PCRA appeal and that he attempted to exhaust his state court remedies regarding PCRA counsel's ineffectiveness by filing his second PCRA petition before proceeding to federal court. (*Id.* at 4, 11.)

But this attempt did not prevent him from filing a timely protective petition in this Court. The Supreme Court has indicated that a habeas petitioner who is concerned about the possible effects that his state post-conviction filings might have on the federal habeas statute of limitations may file a timely "protective" petition in federal court, and request that it be held in abeyance pending the exhaustion of state remedies. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). *See also Rhines v. Weber*, 544 U.S. 269, 275 (2005) (federal district courts retain their discretion to stay federal habeas proceedings and are justified in doing so when a petitioner "run[s] the risk of forever losing [his] opportunity for any federal review of [his] unexhausted claims."). Indeed, Petitioner requested (and received) a stay of this case while he litigated his *Brady* claim in state court.

Further, Petitioner filed his second PCRA petition on April 4, 2022; the PCRA court issued notice of its intent to dismiss the petition as untimely on May 17, 2022; and the petition was dismissed on June 23, 2022. At the time the PCRA court issued notice of the untimely nature of

his petition, 49 days remained on the limitations period; at the time of the petition's dismissal, 12 days remained on the limitations period. Petitioner cites limited library time as the reason it took him four and a half months to "realize" his "error" and file a protective petition in this Court. (ECF No. 33 at 10.) The error he refers to his mistaken belief that a recently decided case from the Supreme Court of Pennsylvania would render his second PCRA petition timely. As explained above, the PCRA court rejected this belief in May of 2022, at a time when he could have filed a timely habeas petition in this Court.

In short, Petitioner has not established that he is entitled to equitable tolling on his trial-related claims.[4] They will be dismissed as untimely.

2.      *Brady* claim

In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or punishment." In his *Brady* claim, Petitioner asserts that he was unaware of an agreement between the Commonwealth and its witness Logan Scott. He concedes, however, that the Commonwealth did not suppress this agreement, but disclosed it to Petitioner's counsel at the time of trial in a conference on December 19, 2017, during

---

[4] Another exception to AEDPA's statute of limitations is the "miscarriage of justice" exception. In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court recognized that the actual-innocence "gateway" to federal habeas review developed in *Schlup v. Delo*, 513 U.S. 298 (1995) for procedurally defaulted claims extends to cases in which a petitioner's claims would otherwise be barred by the expiration AEDPA's one-year statute of limitations. This exception provides that a petitioner's failure to comply with AEDPA's one-year limitations period may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" *Schlup*, 513 U.S. at 316. Petitioner baldly asserts that it "would be a miscarr[a]ige of justice if [his] claims are not he[a]rd and ruled upon," because they have a "high probability of relief." (ECF No.1 at 13.) However, he has not directed the Court to anything in the record that would support a finding that this is one of the rare cases in which this exception is implicated.

an in-chambers discussion between the trial court, the prosecutor, and Petitioner's counsel. (ECF No. 10 at 1.) Because Petitioner concedes that the Commonwealth disclosed the agreement, his *Brady* claim is frivolous.

Further, to the extent any claim arose with regard to this agreement, it occurred at the time of trial. Thus, like the other trial-related claims, the limitations period for this claim began to run when Petitioner's judgment of sentence became final and expired before the petition was filed.

Therefore, because Petitioner's habeas claims are frivolous and/or untimely, his petition will be denied.

## III.    Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Applying those standard here, jurists of reason would not find it debatable whether Petitioner's claims should be denied for the reasons given. Thus, a certificate of appealability will be denied with respect to his claims.

**IV.    Conclusion**

For these reasons, the Court will grant Respondents' Motion to Dismiss, deny the petition

and deny a certificate of appealability.

An appropriate Order follows.


Date: June 9, 2026                         /s/ Patricia L. Dodge
                                          PATRICIA L. DODGE
                                          UNITED STATES MAGISTRATE JUDGE

9